McFaklani>; J.,
delivered the opinion of the Court.
This is a motion made by the plaintiff as Clerk of the Circuit Court' of Montgomery County against Leon Burge & Co., the successful parties in a suit, previously determined in said court, and C. G. Smith, their security in the prosecution bond, for costs accrued in said cause at the instance of said Leon Burge & Co., which can not be collected out of the other parties. Leon Burge & Co., brought their action in said court against H. M. Atkins and another on the 10th of May 1865, and gave a prosecution bond in the usual form, with Charles G. Smith security. The plaintiffs were successful in said action, recovering against the defendants a judgment for debt and costs, upon which execution was issued and returned nulla bona the 12th of May, 1866. Upon this the plaintiff made this motion against Leon Burge & Co., and Charles G. Smith, their surety, for five dollars and twenty-five cents, the amount of costs due -him in said cause. The motion was allowed as to Leon Burge & Co., and refused as to Smith, upon the ground that no notice had been given; and from the action of the court refusing judgment against Smith the plaintiff has appealed.
• Was the Circuit Judge correct in holding that notice of this motion should have been given ? The Code, s. _ 3204, provides that “ all costs accrued at the instance of the. successful party which can not be collected out of the other party may be recovered on motion by the persons entitled to them, against the' *119 successful party.” No provision is made in this article as to the mode of proceeding, as it relates chiefly to other matters. But art. 1, ch. 14, title 2, part 3 of Code makes general provisions with regard to summary proceedings; and s. 3585 enacts that “ no notice is required if made at the return term of the process in a court of record, when the cause of motion is official delinquency, or within six months after the right to the motion has occured in any other case. Sec. 3586 provides that constables shall in all cases be entitled to notice of motions .against them for official delinquency. It is argued that s. 3585 duly applies to motions given by that chapter.
We do not so understand it, but on the contrary it applies to all motions not otherwise provided for, and we understand this section to mean that the notice must be given unless the case falls within one of the classes specified in said section as cases in which notice is dispensed with.
It is a doctrine well established that summary proceedings allowing judgment against parties without notice are in derogation of the common law, and the statutes authorizing them must be strictly construed, and upon this principle, if it should be a question of doubt in any case as to the defendant’s right to notion, that doubt would be generally resolved in favor of giving the notice. Or, in other words, the courts would not hold a party entitled to the motion 'without notice, unless it were thus given in plain and unequivocal terms, it being a favorite and fundamental principle, that parties shall have their day in court. We *120 can not see that this is in any respect changed by the act of 1859 and 1860, ch. 120. If this act has any application at all, it certainly makes no change in regard to notice.
In this cause it appears that Charles G. Smith is a resident of the State. The right to the motion occurred, if at all, upon the return of the execution nulla bona, May 12, 1866. This motion was made September, 1870, and was therefore not made within six months after the right to it accrued, and the Circuit Judge was correct in refusing the motion as to Smith, for want of notice. The argument that because Leon Burge & Co., are non-residents, and can not be served with notice, therefore no notice is necessary as to Smith, is not sound. See the case of Stuart v. McOwistion, 1 Heis., 427.
The motion here having been resisted as to Smith upon this ground alone, and the Circuit Judge having decided it upon this ground alone, we decide nothing more.
Ve are not to be understood as holding that this motion could prevail against Smith if the question of notice were out of the way. We do not decide this, but see Carren v. Breed, 2 Col., 465; nor do we express any opinion as to the validity of the judgment against Leon Burge & Co.
Affirm the judgment.